Good morning, and may it please the court, Peter Afrasiabi, appointed pro bono counsel under the Ninth Circuit's pro bono program for appellant and plaintiff Jim Davis. Your Honors, I think the core issue here, which the other issues revolve around, is the issue of due process. And it's the issue, starting with Matthews v. Aldridge, and more specifically in the context of prisoners in administrative punishment situations, addressed by the Wolf v. McDonnell, and more recently by Swarthout v. Cook, dealing with when prisoners are to be inflicted with a loss of some kind, whether, as a matter of procedural due process, they have an entitlement to a full and fair hearing, which specifically under Swarthout requires access to records to contest the evidence. Help me with something on this. I agree with you that the core of the claim is due process, and I agree with you that we don't talk in advance, incidentally, so I have no idea what my colleagues think. I agree with you that the change in the status of his custody is significant. I forget the verbal formula, significant deprivation of liberty, compared to what he could expect as a life without parole, prisoner even. My problem is this. If there's no automatic right to discovery, I don't understand how he would get a right to compel production of the inspection slip from before he moved into the cell. Your Honor, I think we get that because the California Code of Regulation and the state prison policy has made clear that in this very specific context, which isn't just sort of generalized discovery to prove one's innocent, this very specific context, the prisoners need access to this kind of material because it bears on whether blame can be affixed when contraband is found in a cell, and that policy has been articulated by the state. I'm looking at it right now. What words are you relying on on it? Primarily the second sentence, which says, such inspections are required and must be recorded. The requirement of inspections is critical here, Your Honor. And then the next sentence, which says, the purposes of such inspections is to fix responsibility in the absence of responsibility or the absence of responsibility for security and safety hazards and serious contraband found in a cell. All true enough. However, I still don't see the right to discovery. Well, I think it comes from that provision and from the prison policy, which is at page 79 of the record, which says a complete search and inspection of each cell prior to occupancy by a new inmate. Those requirements protect the prison from inmates hiding and purposely leaving over and obtaining custody when they move into a cell of contraband. But I still don't see the part where it says it has to be given to the prisoner. Moreover, since it's a regulation and it's not a federal constitutional provision or federal law, I still don't see where it necessarily follows from that that the prisoner gets the slip. Understood, Your Honor. And I think it follows in this way. It's not just about protecting the safety of the prison. It spatially talks about fixing responsibility. Is there any grady issue here? For example, if the judge had inspected in camera the inspection slips and had said, whoa, there's one here that says he looked up at the light fixture and it's clear or he took it down and got the bugs out of it and put it back and there's nothing else in it, that would obviously tend to exonerate your client from hiding contraband there. But I didn't see any whiff of a Brady type claim here. Candidly, Your Honor, that wasn't briefed. And I don't know the answer to the question whether Brady attaches to these types of hearings. But I do think that when you talk about procedural due process and a meaningful opportunity to be heard, that's a federal constitutional right. Before you run out of time, I'd like you to address a preliminary question that concerns me, and that is claim preclusion. The issue of whether there was evidence to support the deprivation that occurred was litigated in the state court. And again, speaking just for myself, I agree with you that there's no issue preclusion because this specific claim was not made, but it could have been made. And what is your best case or best argument for why claim preclusion should not apply here? It's the following, Your Honor. He wasn't allowed to press the claim of the deprivation of due process and the denial of a meaningful hearing. It was just ignored by the courts. And so I think when one mounts a claim like that and the courts just ignore it, you can't say that it's one that could have and should have been raised and so that it merges with the judgment. Isn't that an error in the previous proceedings that could or should have been brought to the attention of the state courts as the case worked its way up? But does that ‑‑ if there's an error in proceeding number one where a claim could have been brought, does that mean that you get to start over in another forum, or does claim preclusion still apply? It doesn't apply. It doesn't apply because the court didn't adjudicate that claim and refused to consider it. That's not a requirement for claim preclusion, is it? Isn't it whether there was an opportunity in theory to bring the claim in the first proceeding? And there was no opportunity because although he did mention it, the state court saw its role as being focused on one very, very narrow issue, and that is whether there was some evidence to justify the administrative punishment. That brings me back to the same question. Is there a case that you're aware of that says that if there's an erroneous proceeding in which a claim could be litigated in theory, but there was an error, that that means that claim preclusion no longer applies? Is there a case that says that? Not to my knowledge, Your Honor. But the argument, though, really hinges on the fact that he was denied the opportunity to pursue the claim. So it's not as if it's a claim that could have and should have been brought because it comes out of the same facts. It was one that he mentioned. The court just put on its blinders to the claim. What did the court say about that? Did he say, I would like to raise a due process claim, and the court said, no, I'm not going to consider constitutional challenges, or what? Essentially, if you go to page 64 of the record, that's basically what happened. Page 64 is the state court's, habeas court's denial. It's the trial court, my wrong. Yes, Your Honor. And it mentions in there that he alleged due process violations, but then the court says at line 22 on page 64, a court's review of the evidence offered at the admin hearing is limited to the question of whether there's some evidence. I think the only way to interpret that is the court saw itself as being only able to adjudicate this issue. No, that may only express that that was the issue that was raised before the court. I mean, I don't read that language as saying, had you raised and had you put on evidence a due process, I wouldn't have considered it. That statement simply says, this is the issue before me. This is what I'm going to decide. But at line 17, it mentions that he had alleged due process violations, and those due process violations, Your Honor, he took up internally the whole time through the prison administrative process at every level, and they were ignored all the time inside the prison, too. And you get that at pages 75 to 77 and 87 and 89 of the record. At every level, he's saying it, and it's just being ignored, and the only question being adjudicated is, is there some evidence? Is the theory here the evidence I would have had is the inspection slip when I went in, showing they didn't look at the light fixture, and since they won't give it to me, that's why I have no evidence instead of some evidence, but it's a denial of due process to deny my claim on that ground? Is that the theory? Yes, in part. That's part of it, but I also think I would say that it's not just that had I had it, there would be no evidence at all. It's that had he been given it, he would have been able to mount a defense and be able to establish that the prison didn't follow its own regulations, and so he could not have blame affixed to him, and the ability to litigate that issue would have allowed him to avoid the punishments that he suffered. Where does the prison regulations, either that 15 California Code 3287 or the prison search policy 52050, where does that say that there is a private cause of action if the prison doesn't follow its procedures? It doesn't say there's a private cause of action, Your Honor, but what it says is the purpose is to affix blame, and so if he's going to be... Where does it say the purpose is to affix blame? At 15 Calreg 3287A, the third sentence says the purpose of such inspections is to fix responsibility. Right. So what it is to say is it is something that could be defensive, used by the prison to protect itself, but what does it say that the prisoner can have a cause of action for? Well, I think it's implicit in that language, Your Honor, would be the argument, because in order to fix responsibility, he has the ability, he has to have the ability to say, I didn't do it. You didn't search the cell beforehand. I've only been in here seven months. It was there before I ever was in the cell, and you didn't search the cell as you should have, so you can't fix the responsibility on me and then take away everything that I've earned in the last 14 years. Counsel, your time has expired, but we've asked a lot of questions, so you may have a minute for rebuttal when the time comes. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, I'm Kathleen Borgers, and I represent the appellee. This Court should affirm the district court's judgment that Davis is not entitled to proceed in his suit in federal court for three reasons. Counsel, it seems like kind of a catch-22. You need some evidence, but we won't give it to you. Why not give him the inspection certificate? Your Honor, on this record, we don't know why that evidence was disallowed, and appellee submits that. Did he ask for the inspection certificate? He did ask for it. Was there reason given for not giving it to him? No, it was not. It just said, the senior hearing officer just said disallowed. And we submit that. Is there anything about these inspection certificates, such that giving copies to prisoners would undermine security? I believe that that seems very reasonable and logical. I don't know enough about that. But there isn't anything in the record about that. Do we know that there was a written documentation? If a search happens, is there a requirement that it be documented in writing? I mean, it would seem logical, but is there any regulation that requires the search to have been documented? And then how long does that be retained? Is there anything in the record on either of those? There is not. The only specific regulation in the record is that cited by the petitioner in his brief and discussed earlier. And the citation that he read said that, which he didn't read this sentence, the inspection is required for segregation, isolation, and security housing units. That is, it's required for those things, implying maybe that it's not required for others. Was this defendant in either segregation, isolation, or security housing at the time? I believe from the record he alleges that he was in general population. So he alleges that he was not in those three itemized situations where inspections are required. Right, Your Honor. And also, as the Supreme Court in Wolf, I think, talks about this issue of, as part of the due process factors, one of them is the ability to call witnesses and to present evidence within the discretion of the prison and security concerns. And the Supreme Court in that case specifically said that while it might be helpful for the prison to explain why security concerns are not allowing that evidence, the Supreme Court specifically declined to prescribe those requirements. So we assert that here the prison cannot be held to follow a requirement that the Supreme Court specifically said it did not have to do. Well, the reg here does say that the inspection of a secure cell, which is what he was moved into, must be recorded. Well, we don't know that on this record, Your Honor. And again, I think that ‑‑ Well, we know that this reg 3287A says that it must be recorded. We don't know whether that was complied with. Right. But I think that it's not clear from the record whether the cell that he was being moved into was a secure cell. He was in general population. And then after he ‑‑ after the contraband was found, then he alleged that his custody status was changed, which then had the effect of reducing some of his privileges, which may or may not have included ‑‑ So the cell with the piece of metal in it was a general population cell? I think that that is what is evident from the record. And if I could address the claim preclusion arguments, the issue here is what is his primary right, his right to be free from harm, the alleged reduction in his custody status, and from that, the duty of the prison to not unfairly damage that harm. And so under those principles, he litigated that issue, that primary right, through three levels of state court, and including the California Supreme Court, in which he specifically said that his rights under Wolf v. McDonald were violated when he was not given access to the cell search logs. The California Supreme Court assumed those facts to be true and found that he was not entitled to relief and denied his petition. Therefore, the issue of whether his due process rights were violated was fully adjudicated on the merits by the state court. You're saying that even though the transcript apparently will show that the ‑‑ at the trial level, they refused to let him go into constitutional issues, the Supreme Court considered that an adequately raised issue and ruled against him on that? Two things, Your Honor. First, I don't believe that the record reflects that he was not allowed to present his constitutional issues to the Superior Court. He, in fact, states in his federal petition that he did raise the due process issues to the Superior Court. The Superior Court then found that there was some evidence to support the conviction, and I think that especially in this specific case where the question has to do with his allegations of potentially exculpatory evidence, the finding that there is some evidence to support the guilty conviction necessarily subsumes a determination that whether or not he was given access to the logs didn't violate his due process. Would you answer a question for me about that, too? Were there ‑‑ what witnesses were at the hearing? I believe there's nothing in the record to reflect that there was a hearing, so I don't know if there was or not. What was reflected is the Superior Court decision, which states that there was some evidence to support. Well, what I'm puzzled by, I'm looking at ER 80, which is a report by Correctional Officer Acevedo, who was the investigator for this serious rules violation report, and it's curious to me because it says that inmate Davis expressed no objections and acknowledged receipt of all reports and or pertinent documents for this case. But then he also asked for witnesses for the hearing, and I don't ‑‑ I'm not sure where that takes us, because his later claim is that he wasn't given all reports and pertinent documents. I agree, Your Honor, and also I would say that he, the request for judicial notice on page 21 reflects that he, at the hearing, he waived his right to have witnesses. So I think what the underlying issue that your question gets to is that this kind of minutia of prison administration is not appropriate for courts to be trying to evaluate from this far distance and based on these records, and I think the Supreme Court decisions in Wolfe and in Sandin and Wilkinson reflect that this is just not really where the court should be getting into the minutia because of these problems with, well, did he say, he says he did get all the documents he wanted, but then something reflects. This is my catch-22 problem. The argument for why we shouldn't be able to do anything is that we don't have the records, and the argument for why we don't have the records is you don't need the records because you shouldn't get into anything. And the prisoner is saying, I want the records. I say, I didn't put that piece of metal up there, and an inspection would show that and the inspections have to be recorded. So there must be a record, and no reason has been given why neither the prisoner nor the court can see the record, except maybe they didn't get around to producing it. Or they may not be retained for a long period of time. I can make speculations in favor of the prison along those lines. I can make speculations in favor of the prison. Oh, my gosh, this record shows something that hurts our case. We better not produce it. I understand, Your Honor, and I think that's why courts have been very clear in finding that state prison regulations and state laws do not add on to the constitutional requirements of due process that the Supreme Court outlined in Wolf. The due process consideration could arise if he's not given a fair hearing because there are records that show his innocence, and he is not provided with copies. I think that that might be the case in a situation where there was not some evidence to support his decision. But, again, in this case, three separate California courts have found that there was some evidence to support his claim. And I could also point you to Superintendent V. Hill, which I think has very similar facts where, in that case, there was an injured inmate and a prison guard observed several inmates running away from the area where the inmate was injured. And in that case, two of the fleeing inmates were held to be guilty of assaulting the inmate, even though there was no direct evidence that they had been involved in it. Oh, that's some evidence. One guy's hurt, other guys are running away. That's evidence. It's not direct evidence. It's circumstantial evidence. But the standard jury instruction is one's as good as the other. Exactly, and I would submit the same would be here. But here I don't see what the circumstantial evidence is. Well, it's his cell where he has lived for a significant period of time, and the contraband was found in the confines of the cell where other inmates would not have access to get to that light fixture and to secrete the weapon there. Well, his evidence says he wouldn't either. Again, the California Supreme Court It's one of those screws, like, I guess it's different from the ones on Apple computers, but it's a screw where you need a special screwdriver, evidently. Again, I would say that the California courts have already adjudicated this issue. They have found some evidence, and I think that that is why at this point he's precluded from re-raising that issue in federal court. And, indeed, he chose to pursue his claim in California courts. He got the benefit of the inexpense of a habeas proceeding, the simplicity of it, and the efficacy of that series of petitions. Your time has expired. Thank you, counsel. Thank you. You may have some rebuttal time. Thank you, Your Honor. Just briefly, I would point, Judge, to the policy at page 79 that says, all managers and supervisors shall ensure that their subordinates are aware of and comply with this search policy. And then about the fifth box down, it says, complete search and inspection of each cell or living area prior to occupancy of a new inmate. That still doesn't address, though, whether it is intended to provide a private cause of action to enforce it. I think it's – There's plenty of cases that say that there's burdens the prison takes upon itself that they don't intend to give rise to a private cause of action. And I would say that, in response, Your Honor, that when you take this policy with the California reg that we gave you and you merge it together, if responsibility is to be affixed to someone, the point of this is to ensure that records are created so you know who to blame and what happened when. And that's the point of this. My final point I would make, and I know I'm out of time and I appreciate the Court's indulgence, is that this is Rule 12 also. And I think when you look at the other cases that the government has talked about, from Sandin to Wolfe to Swarthout, these are summary judgment cases. This is Rule 12, and I think all inferences need to be taken in the light most favorable to Mr. Davis. Unless the Court has any further questions, I would submit. Thank you very much. The case just argued is submitted, and the Court really appreciates the participation of pro bono counsel. It's of great assistance not only to us but to the litigants, and we appreciate that people are willing to do that.
judges: Ebel, Kleinfeld, Graber